IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| GARRY E. PRESLEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-123 (MTT) |
| | : | |
| CAROLYN W. COLVIN, Commissioner | : | Social Security Appeal |
| of Social Security, | : | |
|     Defendant. | : | |
| | : | |

## RECOMMENDATION

This is a review of the final decision of the Commissioner of Social Security denying Plaintiff Garry E. Presley's claim for period of disability, disability insurance benefits, and supplemental security income. Because the Commissioner's final decision is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the decision be **AFFIRMED**.

## BACKGROUND

At the time of the administrative hearing, Plaintiff was 61 years old. Plaintiff suffered from the non-severe impairments of depression, anxiety, and left foot fracture. Prior to the alleged onset date of February 5, 2008, Plaintiff worked as a truck driver and a roofer. On June 25, 2009, Plaintiff applied for period of disability, disability insurance benefits, and supplemental security income. His applications were denied initially and upon reconsideration. Following an administrative hearing on July 15, 2011, the Administrative Law Judge (ALJ) issued a written decision finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's written decision. On April 1, 2013, Plaintiff filed the instant case.

## STANDARD OF REVIEW

Review of the Commissioner's decision is restricted to whether the decision "is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. Under this limited standard of review, a reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004), quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Where substantial evidence supporting the ALJ's factual findings exists, reviewing courts cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's factual findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Even so, the failure to apply the correct legal standards or to provide a sufficient factual basis for the reviewing court to determine whether the correct legal standards have been applied is grounds for reversal. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving benefits under the Social Security Act if they are unable to engage in any substantial gainful activity due to any medically determinable physical or mental impairment which is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant bears the burden of proving his disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

When analyzing the issue of disability, the Commissioner must follow a five-step sequential evaluation procedure. 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 416.920(a)(4)(i)-

(v). First, the Commissioner determines whether the claimant currently is engaging in substantial gainful activity. Second, the Commissioner considers the medical severity of the claimant's impairments. Third, the Commissioner considers whether the medical severity of the claimant's impairments meets or equals the severity of one or more of the specified impairments in the listing of impairments and meets the duration requirement.

The Commissioner next assesses the claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1); 20 C.F.R. § 416.945(a)(1). Fourth, based on the RFC assessment, the Commissioner evaluates the claimant's ability to return to past relevant work despite the claimant's impairments. Fifth, the Commissioner determines whether there are a sufficient number of jobs in the national economy that the claimant can perform in light of his RFC, age, education, and work experience.

## DISCUSSION

The Commissioner's final decision must be affirmed because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards. According to Plaintiff, the Commissioner's decision is flawed for two reasons. First, Plaintiff argues that the ALJ failed to apply the correct legal standards at step two of the five-step sequential evaluation procedure when assessing the severity of Plaintiff's mental and physical impairments. Second, Plaintiff contends that remand is warranted under sentence six of 42 U.S.C. § 405(g) because he has identified new, material evidence that he has good cause for not submitting at the administrative level. As discussed below, however, review of the complete administrative record establishes that the ALJ properly evaluated the severity of Plaintiff's

mental and physical impairments and that remand is not warranted under sentence six of 42 U.S.C. § 405(g) based on the additional medical evidence identified by Plaintiff.

### ALJ's Findings

As a threshold matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2008. AR 25. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 5, 2008. Id. At step two, the ALJ concluded that Plaintiff suffered from the medically determinable impairments of depression, anxiety, and left foot fracture but that Plaintiff's impairments were not severe because they did not significantly limit his ability to perform basic work-related activities for twelve consecutive months. Id. Therefore, the ALJ found that Plaintiff was not disabled without considering step three, Plaintiff's RFC, step four, or step five of the five-step sequential evaluation procedure. AR 29.

### Severity of Plaintiff's Impairments

According to Plaintiff, the ALJ failed to apply the correct legal standards at step two of the five-step sequential evaluation procedure regarding the severity of his mental and physical impairments. Doc. 6 at 11-17. More specifically, Plaintiff argues that the ALJ did not properly apply the special technique for evaluating mental impairments because the ALJ did not fully evaluate the medical opinion of consulting psychologist Dr. Kittrell and because the ALJ did not expressly address all of Plaintiff's Global Assessment of Functioning (GAF) scores. Id. at 12-15. Plaintiff further argues that the ALJ did not apply the correct legal standards when assessing the medical opinions of consulting physician Dr. Reddy and consulting physician Dr. James about Plaintiff's physical impairment. Id. at 15-17. Because the ALJ's written decision adequately addresses the medical opinions of record as well as Plaintiff's GAF scores in accordance with

proper legal standards, and because substantial evidence supports the determination that Plaintiff is not disabled, Plaintiff's first argument is without merit.

"Step two is a threshold inquiry." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). It "acts as a filter" to weed out claims where there are no substantial impairments at all. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). To establish a "severe" impairment, the claimant must show "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

Under the relevant regulations, the ALJ must determine whether an impairment is "severe;" that is, "whether it significantly limits [the] claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997). Examples of basic work activities include: "[p]hysical functions such as walking, standing, sitting […];" "[c]apacities for seeing, hearing, speaking;" "[u]nderstanding, carrying out, and remembering simple instructions;" "[u]se of judgment;" "[r]esponding appropriately to supervision, co-workers and usual work situations;" and "[d]ealing with changes in a routine work setting." 20 C.F.R. §§ 404.1521(b), 416.921(b). In addition, when evaluating whether the claimant suffers from a severe mental impairment, the ALJ must consider how the claimant's impairment affects the following four functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).

In this case, the ALJ determined that Plaintiff suffered from the medically determinable impairments of depression, anxiety, and left foot fracture but that Plaintiff's impairments were not severe because they did not significantly limit his ability to perform basic work-related activities for twelve consecutive months. AR 25. Substantial evidence supports the ALJ's determination that Plaintiff failed to establish that his physical impairment was severe. For example, as the ALJ correctly noted, Plaintiff's self-reported daily activities one year and nine months after his alleged onset date include: caring for himself, caring for his disabled wife, helping with household chores, driving without difficulty, mowing the lawn, managing his finances, watching television, surfing the internet, and contemplating ways to improve his situation. AR 26-28; AR 199-202. Although Plaintiff fractured his left foot in February 2008, the medical evidence, including the treatment notes from Plaintiff's treating physician Dr. Swany, indicate that Plaintiff's fractured left foot had healed by April 2008 when Plaintiff reported having "very little problem with his foot" and when Dr. Swany instructed Plaintiff to return as needed because he was "ambulating with no discomfort" even though "chronic scar tissue may persist." AR 27; AR 271-277. Additionally, an x-ray of Plaintiff's left foot in October 2009 found "no significant bone, joint or soft tissue abnormality present." AR 27; AR 323.

Substantial evidence also supports the ALJ's determination that Plaintiff failed to establish that his mental impairments were severe. The ALJ correctly observed that treatment notes from West Central Georgia Regional Hospital indicate that Plaintiff was hospitalized from January 17, 2010 to January 21, 2010 after he allegedly experienced suicidal ideations and threatened to shoot police officers and emergency medical providers. AR 27; AR 400-404. Critically, however, the medical evidence establishes that Plaintiff repeatedly described this incident as a misunderstanding that apparently arose from his ongoing efforts to obtain disability

benefits after receiving a diagnosis of depression. AR 251; AR 254; AR 327; AR 400-401; AR 409; AR 426; AR 428-429. At the time of his intake, Plaintiff had no history of past psychiatric treatment, depression, or suicide attempts. AR 405. Further, at the time of his discharge, Plaintiff appeared alert and oriented, displayed an improved mood, and denied having any suicidal or homicidal ideations. AR 403. Even so, Dr. Wint at West Central Georgia Regional Hospital diagnosed Plaintiff with major depressive disorder and directed Plaintiff to take Fluoxetine and a multivitamin upon discharge. AR 404. After his discharge, Plaintiff attended two appointments at McIntosh Trails in January 2010, during which Plaintiff was treated conservatively with prescriptions for Celexa and Trazodone. AR 27; AR 432-433.

Contrary to Plaintiff's arguments about the severity of his mental impairments, the record demonstrates that the ALJ assessed Plaintiff's depression and anxiety in accordance with proper legal standards. Where, as here, Plaintiff alleges the existence of mental impairments, the Commissioner is responsible for evaluating the severity of those impairments by utilizing "a special technique at each level in the administrative review process." 20 C.F.R. §§ 404.1520a(a), 416.920a(a). Use of this special technique is explained in 20 C.F.R. § 404.1520a(b)(1)-(2) and 20 C.F.R. § 416.920a(b)(1)-(2), both of which provide in pertinent part that:

> Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s). […] If we determine that you have a medically determinable mental impairment(s), we must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document our findings in accordance with paragraph (e) of this section. We must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.

Paragraph (c) involves the assessment of Plaintiff's functional limitations in the following four areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace,

7

and (4) episodes of decompensation. 20 C.F.R. §§ 404.1520a(c)(1)-(4), 416.920a(c)(1)-(4). Paragraph (e) specifies that "the written decision must incorporate the pertinent findings and conclusions based on the technique" and that "[t]he decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4).

In this case, the ALJ's written decision applied the special technique set forth in 20 C.F.R. § 404.1520a and 20 C.F.R. § 416.920a. AR 29. The ALJ found that Plaintiff had mild limitations in his activities of daily living based on Plaintiff's reports of caring for himself, attending various appointments, performing household chores, driving without difficulty, mowing the lawn, reading, watching television, surfing the internet, and contemplating ways to improve his situation. Id. The ALJ also found that Plaintiff had mild limitations in social functioning based on Dr. Kittrell's opinion that Plaintiff had the propensity for adequate social skills as evidenced by Plaintiff's observable social behaviors during testing. Id. In addition, the ALJ found that Plaintiff had mild limitations with concentration, persistence, or pace based on Dr. Kittrell's opinion that Plaintiff could understand basic directives but might have episodic difficulty with following instructions and concentration, persistence, or pace due to his emotional lability and his problems with short-term memory. Id. Finally, the ALJ found that Plaintiff had experienced no repeated episodes of decompensation of an extended duration. Id.

The ALJ's written decision sufficiently indicates that the ALJ considered all of the relevant evidence, including Dr. Kittrell's medical opinion and Plaintiff's GAF scores, before he concluded that Plaintiff's depression and anxiety were not severe mental impairments.[1] AR 25-

---

[1] Insofar as Plaintiff summarily argues that the ALJ should have found Plaintiff's subjective complaints of pain and other symptoms to be fully credible, his cursory claim is unavailing because the ALJ's written decision "clearly

29. See 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1) ("If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities."). There is no basis to conclude that the ALJ selectively chose parts of Dr. Kittrell's opinion to bolster his determination that Plaintiff's mental impairments were not severe. Rather, review of Dr. Kittrell's medical opinion and the ALJ's written decision establishes that the ALJ accurately summarized Dr. Kittrell's findings before the ALJ assigned "significant" weight to Dr. Kittrell's opinion. AR 28-29; AR 341-346. By assigning significant weight to Dr. Kittrell's medical opinion, the ALJ acted in accordance with proper legal standards because Dr. Kittrell examined Plaintiff, identified relevant evidence to support his opinion, and opined on matters within his specialism. See 20 C.F.R. §§ 404.1527(c), 416.927(c). Additionally, there is no basis to conclude that the ALJ erred by failing to discuss and weigh each of Plaintiff's GAF scores, which ranged from 45 to 60, because "the Commissioner has noted that the GAF scale 'does not have a direct correlation to the severity requirements in our mental disorders listings.'" Nye v. Commissioner, 524 Fed. Appx. 538, 543 (11th Cir. 2013), citing Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764–65 (August 21, 2000).

In addition, the ALJ's written decision sufficiently indicates that the ALJ considered all of the relevant evidence, including the medical opinions of consulting physicians Dr. Reddy and Dr. James, before he concluded that Plaintiff's left foot fracture was not a severe physical impairment. On August 27, 2009, Dr. Reddy examined Plaintiff. AR 314-321. Plaintiff

---

articulate[s] explicit and adequate reasons for discrediting [Plaintiff's] allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks and citation omitted). Further, Plaintiff's undeveloped claim to the contrary suggests that the Court should reweigh the evidence or supplant the Commissioner's credibility determination. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991).

complained to Dr. Reddy about his broken left foot, his continuous pain, his inability to walk more than half a block without stopping, and his inability to stand for more than ten to fifteen minutes. Id. Dr. Reddy concluded that Plaintiff had a normal range of motion in his right foot and ankle and a slightly diminished range of motion in his left foot and ankle. Id. Dr. Reddy did not observe any deformities or swelling of Plaintiff's feet, but Dr. Reddy did observe some tenderness at the middle of Plaintiff's left foot at the dorsal surface. Id. Approximately thirteen months later, on September 20, 2010, Dr. James examined Plaintiff. AR 366-370. Dr. James concluded that Plaintiff had a full range of motion in his knees, ankles, and feet and that there was no evidence of swelling, tenderness, erythema, or obvious deformity of Plaintiff's left foot. Id. Dr. James found no medical evidence to support Plaintiff's self-reported complaints of painful ambulation in his left foot, concluding that "[b]ased on the physical examination and the x-ray reports available for review no limitations would be expected at this time." Id.

There is no basis to conclude that the ALJ improperly evaluated the medical opinions of Dr. Reddy and Dr. James. After thoroughly describing Dr. Reddy's opinion, the ALJ assigned "little" weight to Dr. Reddy's medical opinion because "the limitations indicated by Dr. Reddy were based upon claimant's self-reported limitations rather than actual limitations found during the physical examination." AR 28. The ALJ also thoroughly described Dr. James' opinion but neglected to assign any specific weight to it. AR 28-29. By assigning little weight to Plaintiff's self-reported complaints as set forth in Dr. Reddy's opinion, the ALJ acted in accordance with proper legal standards because these findings were not supported by relevant evidence or consistent with the complete administrative record. See 20 C.F.R. §§ 404.1527(c), 416.927(c). Although the ALJ did not expressly state how much weight he assigned to Dr. James' medical opinion, review of the complete administrative record establishes that the ALJ adequately

evaluated not only the substance of Dr. James' opinion, but also all of the relevant evidence in the record before making a determination about the severity of Plaintiff's physical impairment. "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision, as was not the case here, is not a broad rejection which is 'not enough to enable [the reviewing court] to conclude that [the ALJ] considered [Plaintiff's] medical condition as a whole.'" Dyer, 395 F.3d at 1211, quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Here, the ALJ's written decision contains ample reasoning to permit the Court to conclude that the determination about the severity of Plaintiff's physical impairment is based on proper legal standards and supported by substantial evidence. As such, the ALJ's apparent oversight about the weight he afforded to Dr. James' medical opinion is inconsequential because it did not create an "evidentiary gap that caused unfairness or clear prejudice." Caldwell v. Barnhart, 261 Fed. Appx. 188, 190 (11th Cir. 2008), citing Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995).

In sum, although Plaintiff contends that the ALJ should have found that his depression, anxiety, and left foot fracture were severe impairments, the Court must consider "the narrowly circumscribed nature" of judicial review in this case. Moore v. Barnhart, 405 F.3d 1208, 1213 (11th Cir. 2005). As a reviewing court, the Court is precluded from "'re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] [...] even if the evidence preponderates against' the decision." Id., quoting Bloodsworth, 703 F.2d at 1239. Where, as here, the ALJ correctly assessed Plaintiff's medically determinable impairments using proper legal standards, and substantial evidence supports the ALJ's determinations; there is no basis to disturb the ALJ's evaluation about the severity of Plaintiff's mental and physical impairments.

**Additional Medical Evidence**

Plaintiff also argues that remand is warranted under sentence six of 42 U.S.C. § 405(g) because he has identified new, material evidence that he has good cause for not submitting at the administrative level. Doc. 6 at 9-11. Because Plaintiff fails to establish good cause for his failure to submit any of his additional medical evidence at the administrative level, Plaintiff's second argument is without merit.

The additional medical evidence submitted by Plaintiff consists of two categories of documents. First, Plaintiff identifies two one-page reports of pharmacy records that list the prescriptions Plaintiff had filled at Kroger Pharmacy between January 1, 2005 and December 21, 2011 and between January 1, 2002 and August 23, 2012 respectively. Doc. 7 at 4-5. Second, Plaintiff identifies nineteen pages of medical records related to Plaintiff's intermittent mental health treatment at Phoenix Center BHS between October 17, 2011 and July 18, 2012. Doc. 7 at 6-25. According to the cover sheet supplied by Plaintiff's counsel, on February 27, 2012, Plaintiff attempted to fax the one-page report of pharmacy records that listed prescriptions Plaintiff had filled between January 1, 2005 and December 21, 2011 to the Appeals Council, but the Appeals Council did not receive this additional medical evidence because Plaintiff failed to submit the fax successfully despite receiving three separate error codes notifying Plaintiff's counsel that the fax had not been sent. Doc. 7 at 1. There is no indication that Plaintiff ever attempted to submit the one-page report of pharmacy records that listed the prescriptions he had filled between January 1, 2002 and August 23, 2012 or the nineteen pages of medical records related to his intermittent mental health treatment at Phoenix Center BHS between October 17, 2011 and July 18, 2012 to the Appeals Council.

Review of the complete administrative record establishes that Plaintiff failed to present all of the additional medical evidence on which he now relies to the Appeals Council before the Appeals Council denied Plaintiff's request to review the ALJ's written decision on January 31, 2013, even though the Appeals Council expressly advised Plaintiff's counsel about Plaintiff's right to submit additional medical evidence on August 15, 2012. AR 1-8. Generally, sentence six of 42 U.S.C. § 405(g) provides "the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court." Ingram v Commissioner of Social Security, 496 F.3d 1253, 1267 (11th Cir. 2007). To show a sentence six remand is needed, Plaintiff must establish that: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result and (3) there is good cause for the failure to submit the evidence at the administrative level." Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986). Assuming for the sake of argument that Plaintiff could establish that the additional medical evidence here is new, noncumulative, and material, Plaintiff nevertheless fails to establish good cause for his unexplained failure to submit the additional medical evidence, all of which was available to Plaintiff no later than August 2012, to the Appeals Council while his administrative appeal was pending. Accordingly, none of Plaintiff's additional medical evidence provides an appropriate basis to remand this case pursuant to sentence six of 42 U.S.C. § 405(g).

## CONCLUSION

Because the determination that Plaintiff is not disabled is supported by substantial evidence and based on proper legal standards, it is hereby **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties

may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 15th day of July, 2014.

<pre>                              s/ Charles H. Weigle
                              Charles H. Weigle
                              United States Magistrate Judge</pre>